Opinion issued November 14, 2019



In The

# Court of Appeals

### For The

# First District of Texas

_____

## NO. 01-19-00061-CV

_____

## IN THE INTEREST OF L.Z., M.H., AND N.U., CHILDREN

---

### On Appeal from the 314th District Court
### Harris County, Texas
### Trial Court Case No. 2017-06000J

---

### MEMORANDUM OPINION

This is an appeal from the termination of appellant S.H.'s parental rights to her three children. We affirm the trial court's termination decree.

### Background

The Department of Family and Protective Services sought the termination of

the parental rights of S.H., the mother of L.Z., M.H., and N.U.[1] The children's maternal grandmother intervened—the children were placed with her, and her and the Department's plan was for the grandmother to adopt the children. After a December 13, 2018 bench trial, the trial court signed a final decree terminating S.H.'s parental rights under Family Code subsections 161.001(b)(1)(D), (E), and (O).[2]

After S.H. filed her notice of appeal, and cognizant of our duty to dispose of this appeal within 180 days, "so far as reasonably possible,"[3] on February 6, 2019, we notified that trial court clerk that the clerk's record had not been timely filed. A partial reporter's record, consisting only of several preliminary hearings, was filed on February 1, 2019. The clerk's record was filed on February 25, 2019, but thereafter an appellant's brief was not timely filed. *See* TEX. R. APP. P. 38.6(a). In an April 25, 2019 order, we abated this appeal for the trial court to hold a hearing to determine: (1) whether appellant desired to proceed with this appeal; (2) why retained counsel had not filed an appellant's brief; (3) whether retained counsel had abandoned the appeal; and (4) whether appellant was indigent and entitled to

---

[1] In the trial court and on appeal, S.H. has appeared with retained counsel; she never sought to establish indigence and to have counsel appointed.

[2] The Department also sought and obtained termination of the parental rights of the children's respective fathers (one of whom executed an affidavit of relinquishment), who have not appealed.

[3] *See* TEX. R. JUD. ADMIN. 6.2(a).

appointment of counsel, and if so, for the trial court to appoint counsel for appellant. The trial court held a hearing on May 7, 2019, and because neither S.H. nor her retained attorney appeared, the trial court was unable to make the requested determinations.

Thereafter, we determined that a reporter's record of the bench trial had not been filed because S.H.'s retained counsel had not requested it, so in a May 16, 2019 order, we abated this appeal a second time for the trial court to hold a hearing to determine: (1) whether retained counsel has abandoned S.H.; and (2) whether S.H. is indigent and entitled to appointment of counsel. We further closed this appeal and removed it from our active-case docket.

On May 23, 2019, the trial court held a hearing, and again neither S.H. nor her retained attorney appeared. The trial court determined that retained counsel had constructively abandoned S.H. and appointed counsel for S.H. S.H.'s appointed counsel filed a notice of appearance. We then reinstated the appeal and directed appointed counsel to file a statement of inability in the trial court within five days so that the trial court could make an indigence determination. *See* TEX. R. CIV. P. 145(a).

We next received a filing from appointed counsel that, among other things, indicated that appointed counsel could not locate S.H. and that retained counsel, despite her agreement to do so, had not provided appointed counsel with contact

3

information for S.H. The filing also included a letter from appointed counsel to retained counsel stating that retained counsel had telephoned appointed counsel and informed him that S.H. desired to proceed in this appeal with retained counsel, who filed a notice of appearance as attorney-in-charge for S.H. on July 22, 2019.

In a July 26, 2019 order, we notified retained counsel that a reporter's record of the bench trial and an appellant's brief had not been filed and ordered appellant to cause the reporter's record to be filed within twenty days of the order and to file an appellant's brief within twenty days of the filing of the reporter's record. The court reporter filed a notice on July 30, 2019, indicating that the reporter's record had not been filed because appellant had not paid or made arrangements to pay for the record.

On August 15, 2019, retained counsel filed a motion for extension of time to file appellant's brief. In an August 16, 2019 order, we denied the motion and ordered retained counsel to file proof of her request and arrangements to pay for the reporter's record no later than August 20, 2019, and, if such proof were timely filed, to file appellant's brief within twenty days of the filing of the reporter's record. Retained counsel filed such timely proof, and the reporter's record of the bench trial was filed on August 27, 2019. Retained counsel filed an appellant's brief on September 16, 2019, and the Department filed its brief on October 4, 2019.

**Discussion**

Issue one in S.H.'s appellant's brief asserts that the trial court abused its discretion "by refusing to allow [S.H.'s] counsel's formal protests to be properly recognized, which is manifestly contrary to law, while being preferential in a preconceived manner to opposing counsel's rhetoric." The Department contends that this issue is waived because it is inadequately briefed. We agree.

An appellant's brief "must" contain, among other things, a statement of facts setting forth "the facts pertinent to the issues or points presented." TEX. R. APP. P. 38.1(g). It also "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). "Rule 38 requires [a party] to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

S.H.'s appellant's brief lacks any citation to the record to support her first issue. The brief lacks any citation to the reporter's record to support the assertion that the trial court refused "to allow [S.H.'s] counsel's formal protests to be properly recognized." *See In re B.T.D.*, No. 01-16-00582-CV, 2017 WL 343613, at *7 (Tex. App.—Houston [1st Dist.] Jan. 20, 2017, no pet.) (mem. op.) ("[W]e have 'no duty to search a voluminous record without guidance from appellant to

5

determine whether an assertion of reversible error is valid.'"); *Crider v. Crider*, No. 01-10-00268-CV, 2011 WL 2651794, at *5 (Tex. App.—Houston [1st Dist.] July 7, 2011, pet. denied) (mem. op.) ("[A]ppellate courts are not required to sift through the record without guidance from the party to find support for a party's bare assertion of error."). It further is devoid of any argument and citation to authorities in support of the issue. Because issue one is inadequately briefed, we conclude that it is waived. *See Dauz v. Valdez*, 571 S.W.3d 795, 805 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 321–22 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

In her second issue, S.H.'s appellant's brief asserts that the trial court abused its discretion "by presenting insufficient findings that supported and inevitably led to the involuntary termination of Appellant's parental rights." Her brief's argument addresses, however, what she terms her "main issue"; namely, "the status of the hair follicle test used in the determination to terminate parental rights." Her brief then proceeds to argue that S.H.'s positive hair-follicle test result is questionable, asserting that the result could have been a "false positive" and that the trial court, as fact finder, should have disregarded the positive hair-follicle test result.

At trial, the Department presented evidence that S.H. tested positive for amphetamine and methamphetamine in a hair-follicle test after a referral of S.H.'s alleged drug use to the Department, along with a report that S.H.'s live-in

6

boyfriend was making and selling methamphetamine in the home. At her next court-ordered hair-follicle test, testing was not conducted because S.H. had recently cut her hair and she did not have "enough hair on her entire body" to collect a hair sample. S.H. did not show for her next two court-ordered drug tests. *See In re J.M.T.*, 519 S.W.3d 258, 269 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (noting that court can infer that parent avoided drug-testing because it would be positive); *see also In re S.G.A.R.*, No. 01-18-00291-CV, 2018 WL 4705835, at *6 (Tex. App.—Houston [1st Dist.] Oct. 2, 2018, pet. denied) (mem. op.) ("[Mother's] numerous failures to appear for testing therefore support a reasonable inference that the mother refused to submit to testing because the results would be positive."). She did, however, report for her fifth court-ordered drug test—albeit a month late—and its result was negative.

S.H.'s drug-test results were offered and admitted without objection. No objection was made to the Department caseworker's testimony about S.H.'s drug tests. Last, S.H. fails to point to any evidence in the record to support her assertion that hair-follicle drug testing is unreliable. Therefore, to the extent that S.H.'s second issue contends that the trial court's termination findings were erroneous because they were based on S.H.'s positive hair-follicle drug test results, we conclude that S.H. has not preserved her complaint for appellate review. See TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a). We overrule issue two.

## Conclusion

For the above reasons, we affirm the trial court's final decree of termination.

Richard Hightower
Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.